McNAMEE, Appellant, v. BURKE, Respondent.

(136 N. W. 1127.)

**Evidence—Sufficiency of Evidence—Review.**

Where there is serious conflict in the evidence, and there is evidence which, if believed by the jury, would warrant a verdict of an amount as small as that returned by the jury, the verdict will not be disturbed.

(Opinion filed June 25, 1912.)

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by J. E. McNamee against Sarah Burke. Judgment for plaintiff, who appeals for insufficiency of the verdict. Affirmed.

C. C. Caldwell, for Appellant.

According to the record in this case the reasonable value of the service rendered by the plaintiff was $209.90 (Record page 30). This testimony of the plaintiff himself is supported by the testimony of Dr. Zetlitz (Record page 104), and by the testimony of Dr. Lawver; (Record page 51), and is not disputed in any way by the defendant or by anyone in her behalf. The services rendered by the plaintiff were reasonable, proper and necessary. Record pages 51 and 103. The claim in the plaintiff's behalf that

the services rendered were of the highest order, is neither denied nor questioned by the defendant.

In view of the evidence contained in this record the conclusion is almost irresistible that the jury arrived at the value of the plaintiff's service from their own opinion as to what was reasonable under the circumstances without any regard to the evidence offered. This, the jury has no legal right to do. "The question of what is reasonable is peculiarly within the province of the jury but they have no right to ignore the testimony and form an independent conclusion." 30 Cyc. 1598. "Where, in an action on the quantum meruit for a physician's services there is no conflict in the evidence of experts as to the reasonable value of the services rendered the jury cannot disregard the same and use their own judgment in determining their value." Ladd v. Witte, 116 Wis. 35, 92 N. W. 365.

*E. T. Grua*, for Respondent.

Appellant argues that under no circumstances would the jury be justified in rendering the verdict for $85.75. Respondent testifies that only once after September 1st was appellant called to her residence, namely, September 6th. (Record page 60.) Supposing that the jury found that respondent had in fact accepted the property upon the consideration that she pay her husband's debts, up to the date of the deed, September 1st, inclusive. Appellant's bill for services from August 27, 1909, to September 1, 1909, inclusive, amounted to $44.00. Respondent admits (Record page 60), that she called appellant September 6, 1909, and for this date on consultation with another physician. Appellant made a charge of $7.00, making a total charge of $51.00. Respondent claims to have called appellant at no other time, but to have been continually discharging him ( Record page 45 to 59 inclusive, and 67 to 74 inclusive). Appellant claims to have used medicines and supplies, incurred telephone charges and livery in connection with funeral and for making out certificate of death and affidavit in connection with getting the insurance allowed and for recording deed (Record page 16 and 17), all amounting to the sum of $28.65, and assuming that the jury found in favor of the appellant on these charges we have a total charge of $80.60 and allowing in-

terest on this as prayed for the result would be a verdict of $85.85, or ten cents more than the actual verdict, which respondent contends would hardly be such miscarriage of justice as should show bias or prejudice on the part of the jury, or show abuse of discretion on the part of the trial court in refusing to grant a motion for a new trial.

SMITH, J.   Appeal from the circuit court of Miner county. Plaintiff sued to recover $209.90 for medical services and expenses incidental thereto, etc. Such services were alleged to have been rendered during the last illness of defendant's husband. The complaint alleges that the defendant directly assumed and agreed to pay for the services rendered in consideration of the husband deeding to her all his property. The latter allegation was denied by the answer, but at the trial no issue was made as to her liability, which was admitted as to part of the services sued for. The real defense interposed at the trial was that plaintiff had been discharged as attending physician after but a small part of the services charged for had been rendered. Jury trial and verdict for plaintiff in the sum of $85.75. Plaintiff appeals, demanding a new trial because of insufficiency of the evidence.

The statement of facts in the briefs contains no assignments of error, but by searching through the original record we have been able to find the motion for a new trial containing specifications of insufficiency of evidence. The specifications recite that "the evidence shows the services rendered by the plaintiff and accepted by defendant and defendant's husband, including materials necessarily furnished in connection with said services and disbursements made, all of which defendant agreed to pay, were of a reasonable value in excess of $85.75, the amount of the verdict, and were of the value of $210.75 as claimed by plaintiff."

We have examined the evidence with sufficient care to make it clear to our minds that there was a serious conflict of evidence at the trial, and that there is evidence which, if believed by the jury, would warrant a verdict of an amount as small as that returned by the jury. No useful purpose would be subserved by a recapitulation or review of the evidence, and we shall not attempt it. The rule that a verdict upon conflicting evidence will

not be disturbed by this court on appeal has been so often announced that a citation of authorities is unnecessary.

The order and judgment of the trial court are affirmed.